**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. MICHAEL McGEEHEE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-13-523-SPS |
| 1. JULIAN LUMBER CO, INC. | ) ) ) | JURY TRIAL DEMANDED ATTORNEY LIEN CLAIMED |
| Defendants. | ) | |

**COMPLAINT**

**COMES NOW THE PLAINTIFF** and for his cause of action herein alleges:

**PARTIES**

1. The Plaintiff is Michael McGehee, an adult resident of Pushmataha County, Oklahoma.

2. The Defendant is Julian Lumber Company, a for-profit company doing business in Antlers, Oklahoma

**JURISDICTION AND VENUE**

3. This is a cause of action for disability discrimination and retaliation under the Americans With Disabilities Act as amended (ADAAA), handicap discrimination under the Oklahoma Anti-Discrimination Act (OADA) and for retaliation for filing a claim for worker's compensation. Jurisdiction is proper in this Court under 42 U.S.C. §§ 2000e-5(f)(1), 42 U.S.C. § 12117(a) and 28 U.S.C. §1331. The state law claim for handicap discrimination arises from the same core of facts and jurisdiction over the state law claims is vested under 28 U.S.C. § 1367.

4. All of the actions complained of occurred in Pushmataha County, Oklahoma, which is located within the Eastern District of Oklahoma, wherefore venue is proper in this Court under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §1391(b).

## STATEMENT OF FACTS

5. The Defendant is a company which has employed fifteen (15) or more employees in at least twenty (20) weeks of each year during the years of 2011 and 2012. Defendant is therefore a covered employer under the ADAAA.

6. Plaintiff was hired by Defendant on or about June 7, 2011 in the position of "machine operator", and served in that position until his wrongful termination on or about September 24, 2012.

7. On or about January 6, 2012, Plaintiff suffered an on-the-job injury when a large post crashed down on Plaintiff's hand resulting in a crushed carpal tunnel nerve which required surgery to repair, and tendinopathy in his right shoulder.

8. Such injuries constituted disabilities under the ADAAA because they substantially impaired the Plaintiff in the use of his hand and arm, causing pain and weakness and limitations to the range of motion in his arm which extended for a period of more than six months and which ultimately required a surgical repair. Such surgical repair still left the Plaintiff with limitations on lifting and range of motion.

9. Around January 9, 2012, the Plaintiff was released to return to work with restrictions, specifically, one-handed limited work duty.

10. Around January 16, 2012, Plaintiff submitted paperwork from his physician to Derek Porter (owner) stating that Plaintiff was being referred to an orthopedist and that Plaintiff would be left on a one-handed restriction. Plaintiff was informed by Porter that there was no work for Plaintiff under his restrictions, however this was untrue as Plaintiff has been successfully performing his job under such restrictions during the prior work. Porter informed Plaintiff that Plaintiff would be able to return to work when he was released from the doctor.

11. Around the end of January 2012, Plaintiff retained Jack Stipe, Worker's Compensation attorney, and began receiving worker's compensation benefits.

12. Around May 11, 2012, Plaintiff had surgery on his hand to repair the damage caused by his on-the-job injury. Plaintiff was also required to begin physical therapy for his tendinopathy.

13. Around September 21, 2012, Plaintiff was released with permanent restrictions to his hand–twenty-five pound lifting restriction and limitations on Plaintiff's range of motion.

14. Around September 23, 2012, Plaintiff contacted Tim Eubanks (Safety Officer) and informed him that he was released to return to work. Eubanks informed Plaintiff to report to Mr. Porter.

15. On September 24, 2012, Plaintiff arrived to work as scheduled. Upon arrival, Porter also expressed anger that Plaintiff had sought an attorney to represent him for his claims. Porter informed the Plaintiff that as far as he was concerned, the Plaintiff quit in January. Plaintiff informed Porter that he had informed Plaintiff to not come back to work until Plaintiff was fully released by his doctor.

16. When Plaintiff sought unemployment benefits, Defendant falsely claimed that Plaintiff had left work without notice on January 16, 2012, and had not checked back until Sept. 24, 2012. This was untrue in that Plaintiff regularly checked in with the Defendant during this period to inquire about light duty.

17. Plaintiff's employment was terminated as of Sept 24, 2012.

18. The reason for Plaintiff's termination is retaliation and discrimination against the Plaintiff for filing a worker's compensation claim and for his disability.

19. Defendant also violated the OADA and the ADAAA when it refused to accommodate the Plaintiff's injury by allowing him to work with his restrictions as requested. Such action is both discrimination for Plaintiff's disability and in the form of a failure to accommodate and retaliation for having requested an accommodation.

20. Plaintiff exhausted his administrative requirements by timely filing a charge of

-3-

discrimination with the EEOC on or Feb. 27, 2013. The EEOC issued the Plaintiff a right-to-sue letter on or about Sept 24, 2013, which was received by the Plaintiff thereafter. Plaintiff has timely filed this action within ninety (90) days of receipt of such right-to-sue letter, and by this means has complied with all federal and state administrative requirements to pursue his claims under the OADA and the ADAAA.

21. As the direct result of Plaintiff's termination, Plaintiff has suffered damages in the form of lost income and benefits, past, present, and future, dignitary harms in the form of worry, embarrassment and other similar emotions.

22. Under the OADA, ADAAA and worker's compensation retaliation prohibitions, Plaintiff may recover all those damages described in Par. 21. To the extent the OADA limits the recovery of damages, such limitation is an unconstitutional special law in violation of Oklahoma's constitution.

23. Because the actions of the Defendant were willful, intentional, and in either malicious or reckless disregard of Plaintiff's state and federal rights, Plaintiff is entitled to an award of punitive damages under the ADAAA and worker's compensation retaliation prohibitions and liquidated damages under the OADA.

## PRAYER

**WHEREFORE,** Plaintiff prays that he be awarded all of his damages actual, liquidated and punitive as set out above, together with his costs and attorney's fees.

**RESPECTFULLY SUBMITTED** THIS <u>4th</u> DAY OF DECEMBER, 2013.

        HAMMONS, GOWENS, HURST & ASSOCIATES

        <u>s/ Christine E. Coleman</u>

        Mark Hammons, OBA #3784
        Christine E. Coleman, OBA #30527
        325 Dean A. McGee Avenue
        Oklahoma City, Oklahoma 73102
        Telephone: (405) 235-6100
        Facsimile: (405) 235-6111
        Jury Trial Demanded
        Attorney Lien Claimed
        *Counsel for Plaintiff*